**In re Clifford F. HEILMAN, Debtor.**

**STATE BANK OF TOWNER, Plaintiff,**

**v.**

**Norman SELLAND, Phillip D. Armstrong, Trustee, and Clifford F. Heilman, Defendants.**

**Bankruptcy No. 82–05508.
Adv. No. 82–7424.**

United States Bankruptcy Court,
D. North Dakota.

April 25, 1984.

Richard P. Olson, Minot, N.D., for plaintiff bank.

Ross Espeseth, Bismarck, N.D., for defendant Heilman.

Carlan J. Kraft, Rugby, N.D., for defendant Selland.

Phillip D. Armstrong, Minot, N.D., for defendant Armstrong.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The State Bank of Towner filed on December 6, 1982, a Complaint seeking turnover of funds collected by the Debtor's employer pursuant to a garnishment commenced by the Bank prior to the Debtor's filing for bankruptcy relief. Trustee for the Debtor, Phillip D. Armstrong, filed on December 30, 1982, an Answer asserting that the money withheld from the Debtor's wages is properly property of the Debtor's bankruptcy estate. The Debtor, in his Answer filed with the Court on January 6, 1983, claims that the entire sum withheld from his wages prior to the commencement of his bankruptcy proceeding is exempt property and should be returned to the Debtor. The Debtor's employer, Norman Selland, in his Answer filed with the Court on December 21, 1982, requests that the Court determine the proper party to which he may deliver the garnished funds. This matter came on for hearing before the Honorable Harold O. Bullis on June 15, 1983, at Minot, North Dakota. The parties have consented to this Court rendering its decision on the basis of the record in this matter. After a review of the entire record of pleadings and proceedings, this Court finds the following:

## FINDINGS OF FACT

In an effort to collect on its claim against the Debtor, the State Bank of Towner mailed letters to Clifford Heilman giving notice that a garnishment would be commenced if the claim was not settled in the near future. The letters were dated September 3, 1981; April 22, 1982; and September 1, 1982. The Bank did not introduce affidavits of service by mail for those letters. The Debtor testified that he didn't recall receiving the notices of pending garnishment action, and that generally he had been having trouble with receipt of his mail. On May 7, 1982, Allan Latozke, Sheriff of Pierce County, served on Norman Selland a Garnishment Summons and Affidavit. On May 12, 1982, a Garnishment Disclosure was served on Norman Selland by Jeff White, Deputy Sheriff for Pierce County. The Deputy Sheriff also left with Norman Selland on May 12, 1982, copies of all documents which had been served on Norman Selland and requested that Selland deliver the copies to Clifford Heilman. Pursuant to the Garnishment, Norman Selland withheld from the wages of Clifford Heilman for pay periods beginning May 1st and ending August 14th, 1982, the sum of $1,048.95. Clifford Heilman filed for relief under Chapter 7 of the Bankruptcy Code on September 7, 1982, before any of the garnished sums could be transferred by Selland to the State Bank of Towner.

## CONCLUSIONS OF LAW

■ Before a garnishment action is commenced, the creditor must serve upon the debtor notice of the possibility that a garnishment summons may be issued. N.D.Cent.Code § 32–09.1–04 (Supp.1983). The notice must in fact be served not less than ten days prior to the date the garnishee summons is issued. The Court construes the issuance of the garnishee summons to be the date the summons is served upon the Debtor's employer. Section 32–09.1–04 of the North Dakota Century Code specifies that "[t]he notice shall be served personally or by first class mail." If the creditor fails to follow the service requirements of section 32–09.1–04, any subsequent garnishment action commenced by that creditor is void. In the present instance, the Bank has introduced notices which were prepared for service upon the Debtor. The Debtor, however, does not recall receiving the notices. Further, the Bank has offered no proof that the notices were indeed served, either personally or by mail. The Court is not convinced, therefore, that the proper service required by Section 32–09.1–04 of the North Dakota Century Code was made. As a result, the entire garnishment action is void.

■ Once a creditor gives notice of a pending garnishment action, that creditor commences the garnishment by serving upon the garnishee a garnishee summons. N.D.Cent.Code § 32–09.1–08 (Supp.1983).

Where the creditor is garnishing wages, the garnishee is the debtor's employer. Section 32–09.1–08 of the North Dakota Century Code also directs that "[a] copy of the garnishee summons and copies of all other papers served on the garnishee must be served personally upon the defendant not later than five days after service is made upon the garnishee." *Id.* The creditor must personally serve upon the debtor all documents which were served upon the garnishee. In the present instance, the Bank merely deposited copies of all the documents with Heilman's employer and requested that they be delivered to Heilman. Rule 4(d) of the North Dakota Rules of Civil Procedure provides, in part:

> Service of all process may be made: within the state by any person of legal age *not a party to nor interested in the action;* and outside the state by any person who may make service under the law of this state or under the law of the place in which service is made or who is designated by a court of this state.

N.D.R.Civ.P. 4(d)(1) (emphasis added). Norman Selland, as garnishee in this particular garnishment action, was an interested person and therefore not qualified under the rules to personally serve papers upon the Debtor, Defendant in the garnishment action.

The Court must find that the Bank commenced the garnishment action against Heilman with ineffective service of both the notice of pending garnishment action and the garnishee summons upon the Debtor. Without proper service, the Bank was wholly without jurisdiction to proceed with the garnishment action. Since the garnishment action was ineffective from the outset, the wages withheld by Heilman's employer remained property of the Debtor which on September 7, 1982, became property of the bankruptcy estate. The Debtor has claimed the garnished wages as exempt property and no objection to that claim of exemption has been filed.

Accordingly, for the reasons stated,

IT IS ORDERED:

The turnover of funds requested by the State Bank of Towner in its Complaint is denied.

Norman Selland is directed to turn over to Clifford F. Heilman the $1,048.95 of wages withheld during the Summer of 1982.